BARKETT, Circuit Judge,
concurring, in part, and dissenting, in part:
I agree with the majority’s conclusions that Nichols did not abandon her hostile work environment claim, that the district court properly granted summary judgment against Nichols on her retaliation claim, and that Nichols waived any argument that she was constructively discharged. However, I believe that Nichols has raised a genuine dispute of a material fact on her race discrimination claim, specifically on the question of whether Volunteers?s reasons for demoting her were pretext, and therefore, dissent as to this claim.
Nichols claims that Teresa Stephenson was the real decisionmaker at Volunteers, that Victor Tucker merely rubber-stamped Stephenson’s decisions, including the decision to demote her, and that Stephenson was motivated by racial animus toward Nichols. In support of her argument she presented the affidavit of her former supervisor, Sonja King, which includes King’s statements that:
*765 Teresa Stephenson told me that Cassandra Renee Nichols was “black and nasty” and she was going to get rid of “her black ass” so Melissa Castle, who was white, could have her job.... Teresa Stephenson told me she needed my help in getting rid of Cassandra Renee Nichols. Teresa Stephenson told me how she was going to maneuver Melissa Castle into Cassandra Renee Nichols’ job. I asked Teresa Stephenson why she had to fire Cassandra Renee Nichols. Teresa Stephenson told me that she was going to fire Cassandra Renee Nichols because she is black, has a loud mouth, and she wanted a white person, Melissa Castle, in that position.
Given the procedural posture of this case at summary judgment, Nichols’s evidence is to be believed and all reasonable inferences must be drawn in her favor. Anderson v. Liberty Lobby, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Although Tucker’s declaration states that he made an independent and unbiased decision to demote Nichols, the statements in King’s declaration are unequivocal that Stephenson planned to get rid of Nichols because she was black. A reasonable jury, which credited King’s statements and not Tucker’s, could infer from King’s statements that it was Stephenson who made the decision to demote Nichols because of her racial animus, and therefore, the nondiscriminatory reasons attested to by Tucker were merely pretext.